UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RAPHAEL MENDEZ,                                           Case No. 25-CV-0650 (PJS/DTS)

          Petitioner,

v.                                                                                  ORDER

COLETTE S. PETERS, Federal Bureau of
Prisons Director; STACEY E. PLASKETT,
Virgin Islands Delegate to Congress,

          Respondents.

---

Raphael Mendez, pro se.

This matter is before the Court on petitioner Raphael Mendez's objection to the March 11, 2025, Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. Judge Schultz recommends denying Mendez's petition for a writ of mandamus as frivolous and denying his application to proceed *in forma pauperis* as moot. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R in all respects save one: The Court modifies the existing filing restriction on Mendez to extend to civil actions that Mendez initiates outside this District and that are then transferred to this District.

In 2021, the Court restricted Mendez from "filing any new civil actions in this District unless he is represented by counsel or obtains prior written authorization to file the action from a judicial officer of this District." *Mendez v. Kallis*, No. 21-CV-1147

(PJS/BRT), 2021 WL 2911171, at *3 (D. Minn. July 12, 2021).  In that same order, the Court briefly addressed and dismissed many of the same arguments Mendez now makes in his petition for writ of mandamus.  The Court explained why Mendez's 2021 request for a writ of mandamus seeking relief from both "JUDICIAL USURPATION" and false imprisonment—a request that is substantially similar to the request he makes now—was meritless.  *See id.* at *1.  The Court also noted that Mendez has unsuccessfully challenged the legality of his civil commitment on numerous prior occasions using many of the same arguments he makes again here.  *Id.* (collecting three actions Mendez had initiated previously challenging his commitment).

For the reasons discussed in the Court's prior order imposing the existing filing restriction on Mendez—and because the arguments Mendez now makes appear to be the same as arguments Mendez has made over and over and over again—the Court modifies Mendez's existing filing restriction to apply to any future civil actions that Mendez initiates in other districts[1] that are subsequently transferred to this District.

---

[1] Mendez objects to the decision made by Judge Rudolph Contreras of the United States District Court for the District of Columbia to transfer his case to this Court.  ECF No. 6.  As Judge Contreras explained in his transfer order, ECF No. 4, he "construe[d] [Mendez's] petition for a writ of mandamus as a petition for a writ of habeas corpus" and, because Mendez is civilly detained at the Federal Medical Center in Rochester, Minnesota, transferred Mendez's case to this District.  *See* 28 U.S.C. § 2241(a).  Because the Court finds Mendez's claims to be meritless, the Court declines to transfer the case back to the District Court for the District of Columbia.

ORDER

Based on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 8] and ADOPTS the R&R [ECF No. 7]. IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for writ of mandamus [ECF No. 1] is DENIED.

2. Petitioner's motion to proceed *in forma pauperis* [ECF No. 2] is DENIED as moot.

3. Petitioner is RESTRICTED from filing any new civil actions in this District unless he is represented by counsel or obtains prior written authorization to file the action from a judicial officer of this District. This restriction shall also be applied to any civil action that petitioner initiates in a different judicial district and that is then transferred to this District.

4. This action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 5, 2025   s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court